UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 20-48** |
| **MARTIN ALAMEDA-PINEDA** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Martin Alameda-Pineda's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 50). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On July 28, 2021, Defendant Martin Alameda-Pineda pled guilty to (1) possession with intent to distribute controlled dangerous substances, (2) possession of a firearm in furtherance of a drug trafficking crime, and (3) possession of a firearm by an illegal alien. He was sentenced to a term of 180 months. On July 24, 2023, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that (1) he was charged with drug trafficking crimes "when [he] was just a mule"; and (2) his constitutional rights were violated when he signed a consent to search form without being provided a

translator, resulting in a deputy searching his truck and detaining him without a warrant. The Government opposes.[1]

## **LEGAL STANDARD**

28 U.S.C. § 2255(a) provides a prisoner with four grounds upon which he may seek relief from his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack."[2] 28 U.S.C. § 2255(f) also provides a one-year limitation period for seeking relief, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the Untied States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[3]

If a defendant files beyond the one-year statute of limitations, his request for relief will be time-barred, absent application of equitable tolling.[4] A defendant is "entitled to equitable tolling" if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[1] Doc. 52.
[2] 28 U.S.C. § 2255(a).
[3] 28 U.S.C. § 2255(f).
[4] Holland v. Florida, 560 U.S. 631, 645 (2010).

stood in his way" to prevent a timely request for relief."[5] Further, a claim not raised on direct appeal generally may not be raised on collateral review "unless the petitioner shows cause and prejudice" or actual innocence.[6]

## LAW AND ANALYSIS

Before reaching the merits of Defendant's claims, the Court must determine whether he filed the Motion to Vacate within the one-year limitation period prescribed by 28 U.S.C. § 2255(f). In most cases, the one-year limitation period begins on the date the judgment of conviction becomes final.[7] A conviction is final upon expiration of the 14-day period for filing a direct appeal.[8] In this case, Defendant was sentenced on November 3, 2021, so his conviction became final fourteen days later, on November 17, 2021. Defendant's Motion to Vacate under 28 U.S.C. § 2255 was not filed until July 24, 2023, over 20 months after the date on which his conviction became final. Thus, Defendant motion was untimely, absent tolling of the limitation period.

The ordinary limitation period may be tolled in four situations—(1) government action impeded the prisoner from filing his or her motion; (2) the prisoner asserts a constitutional right newly recognized by the Supreme Court and declared retroactive; (3) the factual predicate of the prisoner's claim could not have been discovered using due diligence; or (4) the petitioner is entitled to equitable tolling.[9]

---

[5] *Id.* at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotations omitted).
[6] Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998).
[7] 28 U.S.C. § 2255(f)(1).
[8] United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008); FED. R. APP. P. 4(b).
[9] 28 U.S.C. § 2255(f)(2)–(4); *Holland*, 560 U.S. at 645.

Here, Defendant's argues that his *existing* constitutional rights against unreasonable search and seizure have been violated and that he was "just a mule," improperly charged for a trafficking crime.[10] These arguments do not involve any rights newly recognized by the Supreme Court or any government action that may have impeded Defendant's timely filing of a motion to vacate. Further, Defendant does not assert that he was unaware of the factual predicate underlying his claims; rather, Defendant has been aware of the facts that underlie his claims since the date of his arrest.

Lastly, Defendant fails to demonstrate that equitable tolling is warranted—i.e., that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way to prevent a timely request for relief.[11] Because Defendant fails to provide any facts that this Court could interpret as warranting application of any statutory or equitable tolling of the limitation period set forth in § 2255, Defendant's Motion to Vacate under 28 U.S.C. § 2255 is untimely and must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 11th day of December, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[10] Doc. 50 at 4–5.
[11] Holland, 560 U.S. at 645.